O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN KOZLOWSKI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. ED CV 15-2010 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Joseph John Kozlowski ("Plaintiff") challenges the Social Security Commissioner's decision denying in part his application for disability benefits.[1] Two issues are presented for decision here:

　　1.　Whether the ALJ properly rejected a treating physician's opinion (*see* Joint Stip. at 10-18); and

---

[1] This Court reversed and remanded for reevaluation an Administrative Law Judge ("ALJ")'s previous decision denying benefits. (Administrative Record ("AR") at 21-32, 712, 814-19); *see Kozlowski v. Colvin*, 2014 WL 1716048, at *3 (C.D. Cal. Apr. 29, 2014). On remand, a different ALJ found that Plaintiff was disabled from August 31, 2010 to October 1, 2012. However, the ALJ concluded that Plaintiff's condition improved after his second surgery, and was no longer disabled as of October 2, 2012. (*Id.* at 682-83, 687, 691-92, 701-02, 712, 728-29.)

1

2. Whether the ALJ properly assessed Plaintiff's credibility (*see id*. at 10-11, 27-31).

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

A. <u>The ALJ Properly Rejected the Treating Physician's Opinion</u>

Plaintiff contends that the ALJ improperly rejected the opinion of treating physician Dr. Matthew Long. (*See* Joint Stip. at 10-18.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly concluded that Dr. Long's opinion – that Plaintiff was extremely limited in his ability to work[2] – was not entitled to significant weight, for five reasons. (AR at 667-75, 699.)

First, Dr. Long's opinion "contrast[ed] sharply" with other medical opinions. (AR at 699); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [a medical opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."); *Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion regarding claimant's standing and walking limitations in part because opinion was contradicted by state agency physicians' findings). Significantly, six other medical opinions

---

[2] Dr. Long completed a multiple impairment questionnaire on February 9, 2013, and wrote a supporting letter on June 10, 2013. (AR at 667-76). He opined that Plaintiff could not (1) stand, sit, or walk for more than one hour in a workday; (2) lift more than five pounds; or (3) complete an eight hour workday. (*Id*. at 670-74.) He also opined that Plaintiff would likely miss work more than three times a month due to his impairments or treatment. (*Id*. at 674.)

2

concluded that Plaintiff could at least perform light work with limitations. (AR at 98-100, 561, 615-16, 731-35, 740-43, 773, 848-49, 1012.)

Second, Dr. Long examined Plaintiff on only one occasion after Plaintiff's second surgery.³ (AR at 699, 719, 764, 761, 773); *see Thebo v. Astrue*, 436 F. App'x 774, 776 (9th Cir. 2011) (rejecting treating physician's opinion in part because it "appeared to rest on a single meeting with [claimant], undercutting the rationale for giving greater weight to a treating physician's opinion." (internal quotation marks and citation omitted)); *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ properly rejected medical evaluation based on infrequent interaction with claimant).

Third, Dr. Long's opinion was inconsistent with his September 2012 examination, which included Plaintiff's statement regarding how the second surgery had "improved everything." (AR at 653, 699, 728); *see Wilhelm v. Comm'r Soc. Sec. Admin.*, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly rejected doctor's opinion because it contradicted her own treatment notes); *Sujo v. Colvin*, 2016 WL 1045349, at *4 (E.D. Cal. Mar. 16, 2016) (ALJ permitted to discount medical opinion based on evidence that claimant's impairments improved with successful surgeries).

Fourth, Dr. Long's opinion was inconsistent with his other examination and treatment notes indicating that: (1) Plaintiff had stopped taking prescription medication after the second surgery; and (2) Plaintiff's condition was otherwise under control. (AR at 525-26, 557, 592-95, 653, 699, 1042, 1063, 1076, 1082); *see Wilhelm*, 597 F. App'x at 425; *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled are not disabling).

Fifth, Dr. Long did not cite diagnostic tests by their dates or list specific findings.⁴ (AR at 699, 767); *see Batson*, 359 F.3d at 1195 (ALJ properly rejects a

---

³ As noted by the ALJ, at the time Dr. Long completed his questionnaire, he had not examined Plaintiff in roughly five months. (AR at 668-76, 699.)

⁴ Rather, in response to the impairment questionnaire's request to "[i]dentify laboratory or diagnostic test results" supporting his opinion, Dr. Long simply stated that Plaintiff "has had past CT

treating physician's opinion when it is conclusory, brief, and unsupported); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (requiring ALJ to read treating physician's statements "in context of the overall diagnostic picture he draws").

Thus, the ALJ properly rejected Dr. Long's opinion.

B.      Any Error in Assessing Plaintiff's Credibility Was Harmless

Next, Plaintiff contends that the ALJ improperly assessed his credibility.[5] (*See* Joint Stip. at 10-11, 27-31.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation marks and citation omitted).

Preliminarily, the parties appear to agree that the ALJ erred in rejecting Plaintiff's credibility based on a gap in treatment. (*See* Joint Stip. at 28, 34; AR at 694); *see also Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (accepting government's concession that ALJ's statement regarding gap in treatment was contrary to record).

Nonetheless, any such error is harmless in light of at least five other valid reasons for rejecting the testimony. *See Carmickle*, 533 F.3d at 1162 (ALJ decision may be upheld despite ALJ's reliance on an improper reason for adverse credibility determination if the "remaining reasoning and ultimate credibility determination" were

---

[s]cans of [the] neck." (AR at 669.)  This lack of specificity was critical because earlier imaging studies were consistent with disability, but later, post-surgery results showed marked improvement. (*See id*. 390, 688-89, 694-95, 1034, 1052-53.)  Thus, the ALJ reasonably inferred that Dr. Long "may have been considering old diagnostic tests that were no longer accurate after [Plaintiff's] second surgery." (*Id*. at 699, 767); *see Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record[.]").

[5]      The ALJ found Plaintiff's allegations regarding his symptoms during the closed period of disability "generally credible." (AR at 688.)  However, for the period of time after Plaintiff's second surgery, the ALJ found Plaintiff "not entirely credible." (*Id*. at 693-94.)

4

supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

First, Plaintiff's testimony that his neck pain was not alleviated by surgery conflicted with his report to Dr. Long that the second surgery "improved everything." (AR at 653, 694, 728); *see Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ's decision to discredit claimant's testimony was supported by evidence that claimant responded well to surgery); *Warre*, 439 F.3d at 1006.

Second, Plaintiff stopped taking medication after his second surgery and reported that his condition was controlled. (AR at 525-26, 592-95, 653, 694-96, 1029, 1032, 1039, 1042-43, 1063, 1066, 1068-72, 1076, 1080, 1084, 1092); *see Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985) (ALJ properly rejected subjective complaints in part because claimant stopped taking medication); *see Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled).

Third, Plaintiff's testimony that his upper extremity numbness had worsened since his surgeries was inconsistent with his own prior statements and the medical evidence. (AR at 694, 764-66); *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). Specifically, (1) Plaintiff denied weakness or numbness to treatment providers; and (2) medical examinations did not show diminished upper extremity muscle strength or sensation. (*Id.* at 557, 1011, 1029, 1031, 1035-37, 1059-60.)

Fourth, Plaintiff's allegation in a function report that he could not sit in a chair for 10 continuous minutes was contradicted by: (1) the ALJ's observations that

Plaintiff could sit in "apparent comfort" through an hour-and-a-half hearing with needing to stretch only once;[6] and (2) the fact that Plaintiff drove for an hour-and-a-half to and from the hearing without medication. (AR at 694, 718-19, 737, 739, 760, 764, 771, 994); *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ's "observations of a claimant's functioning" at the hearing are permissible as part of the overall credibility assessment but "may not form the sole basis for discrediting a person's testimony"); *Terriquez v. Colvin*, 2014 WL 2803916, at *7 (C.D. Cal. June 18, 2014) ("ALJ [properly] reasoned that [claimant's] claim that she could only sit for 20 minutes was not believable, because (1) she admitted she could drive a car for 30 minutes . . . ; and (2) she never stood up throughout the hour-long hearing.").

      Fifth, Plaintiff received conservative treatment after his second surgery, which primarily consisted of medication, hot showers, a heat pad, and referrals to physical therapy. (AR at 592-93, 695-96, 722-23, 738-39, 1008-09, 1032, 1039, 1042-43, 1061, 1066, 1068-72, 1082, 1089-90); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); *Edginton v. Colvin*, 625 F. App'x 334, 336 (9th Cir. 2015) (ALJ properly relied on claimant's "routine and conservative" back treatment, which generally consisted of medication and transcutaneous electrical nerve stimulation).

//

//

//

---

[6] Notably, Plaintiff declined the ALJ's invitation to stand and stretch on other occasions during the hearing. (AR at 694, 764, 771.)

Accordingly, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: September 15, 2016

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*